FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

DEC 14 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                               DEPUTY

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

RODNEY L. WALLICK,

        Petitioner,

        v.

JOHN MARSHALL, Warden,

        Respondent.

Case No. CV 09-06521-SVW (MLG)

MEMORANDUM AND ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

## I.   Factual and Procedural Background

Petitioner is a state prisoner currently incarcerated at the California Men's Colony in San Luis Obispo, California. He filed this petition for writ of habeas corpus on September 9, 2009. Because this is Petitioner's second habeas corpus petition challenging the same underlying state court conviction, this petition must be dismissed as successive under 28 U.S.C. § 2244(b)(3)(A).

The following facts and procedural history are taken from the Report and Recommendation filed by this Court on November 9, 2005, in the matter of *Rodney Larry Wallick v. A.K. Scribner*, Case No. CV 05-4838-SVW (MLG):

//

On September 13, 2001, Petitioner was convicted, following a jury trial in the Los Angeles County Superior Court, of first degree residential burglary, in violation of Cal. Penal Code § 459. In a bifurcated proceeding, Petitioner admitted that he had suffered two prior felony convictions and served four prior prison terms. Cal. Penal Code §§ 667(a)(1), 667(b)-(i), 667.5(b), 1170.12(a)-(d). On October 15, 2001, Petitioner was sentenced to a term of 35 years to life in prison.

Petitioner appealed his conviction to the California Court of Appeal. On May 28, 2002 the court affirmed the conviction and sentence. Petitioner's application for review was denied by the California Supreme Court on July 31, 2002.

On May 16, 2004, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. That petition was denied in an order dated July 28, 2004.

On July 1, 2005, Petitioner filed the previously referenced petition for writ of habeas corpus in this Court challenging the 2001 convictions.[1] Case No. CV 05-4838-SVW (MLG). Respondent filed a motion to dismiss the petition, contending that the petition was time-barred by the 1-year statute of limitations set out in 28 U.S.C. § 2244(d)(1)(A). On January 6, 2006, District Judge Stephen V. Wilson dismissed the petition with prejudice, finding that it was untimely filed. No appeal was taken from that judgment

The current petition reveals that beginning in November 2008,

---

[1] The record reveals that on August 21, 2003, petitioner filed a motion to extend time in which to file a writ of habeas corpus in this Court, which was dismissed on September 23, 2003 for lack of jurisdiction. *Wallick v. Scribner*, Case No. 03-5981-SVW (MLG).

1  Petitioner returned to the state courts in an attempt to obtain post-
2  conviction relief from the 2001 judgment. A petition for writ of habeas
3  corpus was filed in the Los Angles County Superior Court and denied on
4  November 12, 2008. In that petition, Petitioner made numerous
5  allegations of ineffective assistance of trial and appellate counsel.
6  Similar petitions for writ of habeas corpus, raising the same claims,
7  were subsequently denied by the California Court of Appeal and the
8  California Supreme Court, most recently on June 17, 2009, with a
9  citation to *In re Robbins*, 18 Cal. 4th 770 (1998) and *In re Clark*, 5
10  Cal. 4th 750 (1993), both of which stand for the proposition that
11  untimely petitions for post-conviction relief shall not be considered
12  by the California courts. *In re Rodney L. Wallick*, Case No. S169710.

13      This petition followed. Petitioner again seeks to challenge the
14  2001 burglary conviction and the "three strikes" sentence that formed
15  the basis of the untimely petition addressed in Case No. CV 05-4838-SVW
16  (MLG). Petitioner raises 3 grounds for relief, including two claims of
17  ineffective assistance of counsel, as well as a denial of speedy trial
18  claim. For the reasons set forth below, the petition is ordered
19  dismissed without prejudice to Petitioner's right to apply to the
20  United States Court of Appeals for the Ninth Circuit for leave to file
21  a successive petition.

22

23  **II.   Discussion.**

24      Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in
25  the United States District Court, a district court may summarily
26  dismiss a habeas petition, before the respondent files an answer, "[i]f
27  it plainly appears from the face of the petition ... that the
28  petitioner is not entitled to relief." The notes to Rule 4 state: "a

dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *See Boyd v. Thompson*, 147 F.3d 1124, 1127-28 (9th Cir. 1998). It is beyond question that this Court lacks jurisdiction to review this petition without authorization from the court of appeals. Accordingly, summary dismissal of this petition is warranted.

This petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214) ("AEDPA"), enacted on April 24, 1996. Among other things, AEDPA amended 28 U.S.C. § 2244 to require that "[b]efore a second or successive application [for writ of habeas corpus] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Section 2244(b)(3)(A) explicitly provides that a second and/or successive petition, like the one in this case, requires Ninth Circuit approval before it can be considered by the district court. *Burton v. Stewart*, 549 U.S. 147, 153 (2007). This Court must dismiss any second or successive petition unless the court of appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton*, 549 U.S. at 157.

A claim in a second or successive habeas petition which was not previously presented may be considered if the petitioner shows that the factual predicate for the claim could not have been discovered previously through the exercise of reasonable diligence. 28 U.S.C. § 2244(b)(2)(B)(i). However, a petitioner is still required to seek

4

authorization from the court of appeals in order to have the district court consider the petition. 28 U.S.C. § 2244(b)(3)(A), *see also Reyes v. Vaughn*, 276 F.Supp.2d 1027, 1030 (C.D.Cal. 2003) ("[T]o the extent that petitioner would like to show that he falls within one of the exceptions to dismissal of successive habeas petitions, 28 U.S.C. § 2244(b)(2)(B), he must first present any such claim to the Court of Appeals rather than to this Court.") This is so even if the dismissal of the earlier petition was based upon the failure to comply with the one-year statute of limitations. *Murray v. Greiner*, 394 F.3d 78, 81 (2nd Cir. 2005) ("[D]ismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).") ; Reyes, 276 F.Supp.2d at 1029 (same).

This petition was filed without leave of the Ninth Circuit. Until the Ninth Circuit authorizes the filing of this petition, this Court lacks jurisdiction to consider the merits. *See Burton,* 549 U.S. at 157; *Cooper v. Calderon,* 274 F.3d 1270, 1274 (9th Cir. 2001). Accordingly, dismissal of the petition without prejudice is required.

//
//
//
//
//
//
//
//
//

**III. Order.**

    In accordance with the foregoing, IT IS HEREBY ORDERED that the petition is DISMISSED without prejudice to petitioner's applying to the United States Court of Appeals for the Ninth Circuit for leave to file a second or successive petition.

Dated: December 9, 2009

 

 

 

_____
Stephen V. Wilson
United States District Judge

Presented by:

_____
Marc L. Goldman
United States Magistrate Judge

6